## Edward Williams and James Worral executors of James Fisher *against* Benjamin Paschall, Henry Paschall and Ann Paschall, heirs of Jonathan Paschall.

An award must be certain and final.    But a general plea thereto charging mistake in the arbitrators, without stating the particulars, is bad.    Court where it is in their power, will correct a plain mistake of arbitrators or referees.

DEBT on arbitration bond, in the penalty of 500l. dated 14th September 1796.

The defendants crave oyer of the bond and condition, and also the award, which are read to them, and agreed to be considered as spread upon the record.

The bond was in the common form ; conditioned for the performance of the award of Philip Price, John Pearson and Samuel Gibson, or any two of them ; of and concerning all matters in controversy between them, respecting a certain bond given *565]  by the said Jonathan Paschall to the said James *Fisher, and respecting all accounts, which they the said heirs of the said Jonathan Paschall may exhibit as payments in discharge of the said bond, &c.    So as the said award should be made in writing indented under the hands and seals of the said arbitrators, or any two of them, and ready to be delivered to the said parties on or before the 14th day of March then next ensuing.

The award was as follows :

"Whereas it hath been referred to us the undersigned to con-
"sider sundry matters in dispute between the within named
"parties, as by the within bonds of submission will appear ; and
"we having heard the parties and fully considered their accounts
"exhibited to us, are of opinion that Benjamin Paschall, Henry
"Paschall and Ann Paschall are justly indebted to Edward
"Williams and James Worral, executors of James Fisher, in
"the sum of 310l. 11s. 4½d.

"Witness our hands and seals March 11, Anno Domini 1797.

"Philip Price, (LS.) Jonathan Pearson, (LS.) Samuel Gibson, (LS.)"

Which being read and heard, the said Benjamin, Henry and Ann by William Lewis, their attorney, say, that the said Edward and James ought not to have and maintain their action aforesaid thereof against them ; because they say, that the said arbitrators in making the said award at the time and place aforesaid from a mere inadvertency, error, mistake and misapprehension of the law and right, and justice of the case, calculated, allowed and added the full interest of 6 per cent. per annum on the whole amount of the principal sum mentioned in the bond submitted to their arbitrament for a long time, that is to say,

[Fisher's Executors *v.* Paschall's heirs.]

for twenty-six years and upwards, although within the same time many large payments and advances had been made by these defendants, and on their accounts to the said James Fisher in his life time, and after his decease to the said Edward and James for and on account of the said bond to the full amount of the principal and interest due on the said bond, but on which payments and advances from a mere mistake, error, and misapprehension of the law and right and justice of the case, no interest was calculated or allowed by the said arbitrators in making and forming their said award, nor were the said payments and advances deducted as of law and of right they ought to have been from the monies due on the said bond, at the respective times when such payments and advances were made, or at any time or times before the making and publishing the said award ; and this the said Benjamin, Henry and Ann are ready to verify.— Whereupon they pray judgment if the said Edward and James *ought to have or maintain their action aforesaid against them the said Benjamin, Henry and Ann.          [*566

W. LEWIS.

The plaintiffs demur to the plea.
The defendants join in demurrer.

The questions before the court were, whether the award was good in truth ; and if it is, whether the plea is good.

Mr. E. Tilghman for the plaintiffs.    The arbitrators recite the bonds of submission in their award, and have taken on themselves the trouble of deciding on the matters submitted to them.    The award relates to the submission, and therefore necessarily is *de et super premissis.*    The obligation to the testator, concerning which the controversy arose, was conditioned for the payment of 300l. to the testator, and dated 21st November 1771.    The award is for 10l. 11s. 4½d. more than the principal sum, and supposing there had been no payments deducted, the interest would, when the arbitrament was made, have amounted to 455l. 11s.    The accounts exhibited to the arbitrators must have been by the defendants, the heirs of Jonathan Paschall, according to the terms of the submission.    Awards are now considered with greater latitude and less strictness than they were formerly ; but they must be certain and final.  1 Burr. 277.    Both these properties, the present award possesses.    It is not now necessary, that an award of money to be paid in favour of one of the parties, should express it to be in satisfaction, or should contain any equivalent terms ; it shall be so intended.  1 Bac. Ab. 224, (last ed.)    Awards of late are construed with great latitude, and according to their intention apparent on all the words. 1 Dall. 174.

Our objection to the plea arises from its generality.    It brings before the court, matters which are within the exclusive jurisdiction of the arbitrators, and would tend to open and unravel

every award, on the slightest grounds. No issue can be taken on the many large payments and advances stated in the plea. They should have been specially set forth. Choosing private judges puts the case beyond any principle of law. 1 Ves. jr. 365–7. Arbitrators have more latitude than a court of equity. Their mistakes will not be examined. Ib. 370.

Every thing will be presumed in favour of an award. The demurrer only admits facts which are well pleaded; and the question is, whether the present plea is not substantially bad.

*567]    *Mr. Lewis for the defendants. I admit that no such plea is to be found in the books of entries. But if chancery would afford relief in a case like the present, this court will exercise the same powers, to prevent a failure of justice. But reliance need not be placed on the plea, unless the award is good. An award is considered as a judgment. But whatever liberality they have received in modern times, in order to give them validity, they must be within the submission, as well to persons as things; they must be certain, final and mutual, when expounded by themselves. 1 Bac. 212 and *seq.* They must appear to include the whole matters submitted; and if they exceed the submission, such excess must be capable of separation. And so it was determined in this court, on a writ of error to April term 1797, between Harker and Huff on solemn argument.

Here the submission was confined to the bond in controversy, and the payments under it. They were not impowered to take into view the accounts of Fisher or his executors, which it seems they have done " by hearing the parties, and fully con- " sidering their accounts." And therefore they cannot be said to have acted *de et super premissis,* which was indispensably necessary. Besides the plea expressly states, that the payments and advances surmounted the principal and interest due on the bond.

It is well observed by the late Chief Justice, on the report of referees, that the same cause which would induce the court to set aside a verdict and grant a new trial, should be sufficient to vacate an award. The sacredness of awards ought not to be extended beyond that of verdicts, when errors are suggested either in clear points of law or fact. Williams *v.* Craig, 1 Dall. 315. And the President of the Common Pleas adopted the same principles, on a report under the depreciation act in Pringle *v.* M'Clenachan, Ib. 487.

Courts of equity will grant relief in cases of corruption or partiality of arbitrators. 2 Wils. 148. 2 Vern. 705. Where an arbitrator refused to defer making his award, on the request of a party, who undertook to satisfy him as to some things which the arbitrator took to be against him, his award was set aside. 3 Wms. 362. An award was set aside in part on the mistake of arbitrators, and the balance thereon on the other side. Champion *v.* Wenham, Amb. 245. Arbitrators mistaking law or fact,

[Fisher's Executors *v.* Paschall's heirs.]

it is an error on the face of the award, and sufficient to set it aside in equity. 1. Bac. 239.    Ridout *v.* Pain, 3 Atky. 486, 495. S. C. 1 Vez. 10, 11.    But it is otherwise on a doubtful point of law, though the court should be of a different opinion. Ibid.    An *award is only conclusive, until error shown. Tillingson *v.* Peat, 3 Atk. 529.     [*568

Mr. Rawle for the plaintiffs in reply.    It is not necessary that the award should specify that the arbitrators have acted *de et super premissis,* but it may be supplied by words equivalent. This fully appears by the authority cited from 1 Burr. 277, the Cobler's case.

The objection made, is, that it is expressed in the award, that the arbitrators have fully considered their accounts.    Every thing respecting the bond was submitted, and it is evident, that the true balance of accounts between the parties was to be credited on the bond.    Accounts on one side would occasion accounts on the other side, if such subsisted.    The pronoun *their* may be satisfied in this way ; or it may refer to the accounts of the three heirs, and the calculation of interest by the executors.    Payments in continental money may have formed part of the dispute.    Why if the fact was so, did not the plea alledge, that accounts of Fisher not included in the submission, were taken into view by the arbitrators ?    It is confidently asserted such was not the case.    But every intendment will be in favour of awards, and critical niceties are exploded.

This award is both certain and final.    The submission is incorporated in the body thereof.    If the obligation for 300l. was sued, the award might be pleaded in bar, and operate as a judgment to extinguish it.

It is very doubtful how far this court could interpose to grant relief in cases of mistake, by arbitrators.

[YEATES, Justice.    It was determined in a case nine years ago, between Peter and Isaac Wickoff and Tench Coxe *et al.* that where arbitrators or referees have committed palpable injustice, or made a plain mistake, that this court would interfere.    Suppose trover for a specific chattel of the value of 10l. and 100l. or 500l. damages awarded ; or a mistake of 100l. or 1000l. had taken place by an erroneous addition or subtraction, must the injured party be without remedy, for defect of a court of chancery ?    But such injustice or mistake must be clearly made out to the satisfaction of the court.]

Mr. Rawle in continuation.    Adopting then the chancery decisions, and considering the present plea as a bill in equity for relief against the award, it is not good, because it is too vague and general.    The payments and dates should be stated, particularly wherein the supposed errors rest.    This was done *specifically in Champion *v.* Wenham, Ambl. 245, cited by Mr. Lewis, wherein the award was vacated in part.     [*569 And in Tillinson *v.* Peal, 3 Atky. 529, it is said by the Lord

[Fisher's Executors *v.* Paschall's heirs.]

Chancellor, that where any particular error is pretended in an award, it must be charged with all its circumstances.

A contrary practice would wholly prostrate the doctrine of awards, and prevent their beneficial effects. No one would accept the office of an arbitrator.

The court stopped Mr. Rawle from proceeding.

Shippen, C. J. The case is too plain for further argument. The award is both certain and final, and within the submission of the parties. The plea is certainly bad from its generality, and the demurrer must be sustained.

But it may be necessary for us to say something of what we would do in a proper case and on a proper plea, wherein the supposed injustice or mistake might fairly be put in issue and corrected. We would administer equal justice between the parties, according to our powers, contrasted with those exercised by the Court of Chancery. The Chancellor might call in the arbitrators as well as parties, and examine them severally on oath, as to the alledged injustice or mistake, and thus do right between them. So on a bill for the specific execution of contracts, a court of equity possesses competent authority, and will see that the contract is performed on both sides. The policy of our government has not vested us with such powers, and therefore there are many cases wherein we cannot execute this equitable jurisdiction, so as to do complete justice in all its parts. But where a clear mistake has happened, or injustice has been done, which it is in our power to correct, we will not fail to do it when it is pointed out plainly.

Yeates, J. The injustice or error alledged must be simply stated as facts, with a sufficient degree of certainty, into which the court can enquire. But we cannot enter into the particulars of an intricate dispute, which has been submitted to arbitration or reference.

Smith, J. Every fact stated in the plea may be true, and yet be no defence, for the payments and advances may really not surmount the interest due on the obligation.

Judgment for the plaintiffs, by the whole court.

Cited in 4 Rawle 433.