Wilde J.
delivered the opinion of the Court. This is an action of debt on an award of arbitrators made upon a submission in writing, not under seal, and the defendants in the first place object to the submission, because they say that an executor or administrator is not authorized to submit a controversy between himself and another, in right of his testator or intestate, to arbitration, and that any award depending on such a submission is void. This objection must have been made without much examination, for the authorities are all opposed *274 to it. There are numerous cases in which the right of executors and administrators to submit to arbitration has been maintained ; and indeed it does not appear to have ever been denied. So a guardian may submit for his ward ; which however was formerly doubted. Kyd on Aw. 39.[1] The general principle is, that every one having the capacity to contract, or to release his right, may make a submission to an award. Kyd on Aw. 35. If a less sum should be awarded in favor of the executor or administrator than he would be entitled to recover at law, he might be held to account for the deficiency to the heirs, or other persons interested in the effects of the testator or intestate, but the award would be binding. 1 Dane’s Abr. c. 13, Art. 2; Kyd on Aw. 39; Worthington v. Barlow, 7 T. R. 453; Pearson v. Henry, 5 T. R. 6; Barry v. Rush, 1 T. R. 691; Coffin v. Cottle, 4 Pick. 454. [Swecard v. Wilson, 2 Rep. Constitut. Court, (2nd series,) 218.]
This case, therefore, must be decided on the pleadings. The defendants have pleaded eight several pleas, which I shall consider in their order, passing over those which have resulted in issues of fact.
The first plea, which is non assumpsit, is clearly bad, and was intended, I presume, to be waived, as no attempt has been made to support it.
The second plea also is bad; it avers that no award was made according to the terms of the submission. This does not deny the award set out in the declaration, nor does it confess and avoid it. And if it could be considered as confessing the award, it does not avoid it, by alleging any fact to that effect, but only argumentatively, and by drawing in question the validity of the award, which is proper matter only for a demurrer.
The third plea is traversed and terminates in a question of fact to the jury.
The material allegation in the fourth plea is, that the arbitrators made a gross mistake in allowing the same charges twice ; that is to say, that they allowed the plaintiff the sums o' 5122 dollars and 4 cents, and 3777 dollars and 75 cents, *275 tor certain notes which .were included in the gross sum of 21,041 dollars and 22 cents, which was also allowed. And this, it is averred, is apparent on the face of the account stated by the arbitrators. On looking into the account stated it appears that the sum of 21,041 dollars and 22 cents is debited on one side and credited on the other, so that in fact this sum was not allowed to the plaintiff in striking the balance. If the sum had been neither charged nor credited, the balance would have been the same. Though it be true therefore that literally these claims have been twice charged ; it is no objection to the validity of the award, because they have been but once allowed. And if the defendants intended to rely upon a mistake of the arbitrators in relation to these charges, they should have pleaded that nothing was due thereon, and that the arbitrators inserted them by mistake in the account stated, or that it was done by them partially and corruptly. No such averment is made. On the contrary, in objecting to the double charge of the items in question, the defendants impliedly admit that they might in justice be once charged. Whether these charges ought to have been allowed or not, cannot be determined, we think, by reference to the account stated, because although the account states that the notes and items composing the gross sum of 21,041 dollars 22 cents were discharged by the assignment of Bean & Blake’s effects, yet if the two sums allowed were paid by the plaintiff out of effects belonging to him, or to him and Ms partner, and he has accounted with his partner, the charge may be sustained ; but as the matter is pleaded, this question is not raised, and the plea therefore is clearly insufficient.
The fifth plea raises an important question, namely, how far the merits of an award may be re-examined, and what matters may be pleaded to invalidate or vacate an award. By the English law no objection can be taken to an award in pleading, which does not appear on the face of it, and it cannot be thus impeached even for the misbehaviour of the arbitrators, or on account of gross errors and mistakes.- The remedy in such cases is either by appealing to the summary jurisdiction of the court to set aside the award, or by a bill in chancery. But it s'wns that even in England the defendant may plead that a *276 certain matter was submitted, of which notice was given to the arbitrators, and that they made no award concerning it. Mitchell v. Staveley, 16 East, 58. But if the arbitrators misoehave themselves or make a palpable mistake or miscalculation, a court of chancery may correct the mistake or m?calculation, or relieve against the partiality of the arbitrators by vacating the award, but these matters cannot be pleaded to an action on the award. And such is the law also in New York and in some of the other States in this country. So also is the civil law ; 1 ut by this, as well as by the English law, there is a remedy against the award if it was procured by fraud and corruption. Dig. 4. 8. 32. 14.[1] But as our chancery powers do not authorize us to vacate or correct an award, there would be a failure of justice if the merits of an award might not in some cases be re-examined. In cases therefore of corruption in the arbitrators, or where they exceed their authority, or there are gross errors and mistakes in the award, relief may be granted, under our system of jurisprudence, by allowing the defendant to plead the matter in an action on the award. This was admitted in the case of Williams et al. v. Paschall's Heirs, 3 Yeates, 564, and it is stated in Dane’s Abr. c. 13, art. 4, that such has been the practice in this Commonwealth. No case is cited in support of this position ; but we are satisfied that justice requires that such a plea should be allowed.[2]
We are therefore of opinion that the fifth plea is good. It avers that the defendants proved before the arbitrators, that they were entitled to claim the amount of two notes of hand of the plaintiff, the one for 1800 dollars, and the other for 1200 dollars, but that the arbitrators omitted to take these notes into consideration, and that they were not in fact considered by them when they made their .award. According to the case of Mitchell v. Staveley, 16 East, 58, before referred to, this plea would be good in the English courts. The plea in that case was, that a certain matter was submitted, of which notice was given to the arbitrators, and that they made no award con *277 cemng it; which is substantially similar to the plea under consideration ;— and the court say, “ They (the arbitrators) were called upon to act on a matter of controversy, and have not acted. The award, therefore, is not only not final, but there is no award at all respecting one of the matters in difference referred. The plea therefore in the present case does not re quire us to try over again a matter already tried by the arbitrators ; but to determine whether the matter alleged has been tried at all, or has been wholly omitted. Such an inquiry is clearly proper,[1] and the plea therefore is good. So if the arbitrators took into consideration, as it is alleged in the third plea that they did, matters not submitted, that is a good objection to the award. Fisher v. Pimbley, 11 East, 193. Substantially the third and fifth pleas depend on the same general objection, namely, that the arbitrators did not pursue their commission.
The sixth plea is bad for duplicity. It is said that the several facts alleged in this plea go to support a single point of defence, namely, gross error in the award ; but the errors al leged appear to us to be distinct matters of defence. One error, if made out, is as fatal to the award as several.
The plea is bad also for want of precision. It avers that the arbitrators included in the account stated as the basis of their award, various demands not included in the submission, and omitted to include various just demands in favor of the defendants, which were in fact submitted, and that they in several instances made the said Stephen’s estate debtor to the plaintiff twice for one and the same thing ; without showing what charges and demands were thus allowed, or disallowed, or twice allowed. This is altogether too general and indefinite. The errors alleged should have been stated with a sufficient degree of certainty to enable the Court and the other party to ascertain what particular facts were intended to be put in issue. If this plea were allowed, the whole merits of the award would be opened and be subjected to re-examination Williams et al. v. Pasehall's Heirs, 3 Yeates, 564.
The seventh plea results in an issue of fact.
*278 The eighth plea is nil debet, and is, we think, clearly good. The general principle is, that this plea is good in an action of debt,, unless the action is founded on a deed or record, and, the reason why it is not in such case allowed, is because it would refer the validity of the deed or record to the determination of the jury. If therefore the deed or record is but inducement to- the action, and matter of fact is the foundation, nil debet is a good plea. Warren v. Consett, 2 Ld. Raym. 1503; S. C. 8 Mod. 107. Nil debet is a good plea therefore in an action on a foreign judgment,[1] because it is not founded on a record, and to debt on simple contract not under seal. Com. Dig. Pleader, 2 W 17. So nil debet is a good plea in debt for an escape, for the commitment is only inducement. Also in, debt against an executor or administrator upon a devastavit after judgment against him, though mixed with record, because the record is only inducement. 1 Saund. 219. So in debt for the arrears of a rent charge devised for life ; for the will is no specialty. Hard. 332. So in debt upon an arbitrament, the defendant, says Lord Coke, may wage his law, because the debet and detinet is the ground of the action. So in the case of Wills v. Maccarmick, 2 Wils. 148, cited by the plaintiff’s- counsel, nil debet was pleaded to debt on an award, and it was not questioned that the plea was good, although it was ruled that the partiality of the arbitrators could not be given in evidence in avoidance of the award : nor could it in England be pleaded, according to the authorities already cited. Upon the whole, therefore, it is very clear that this plea is good, and that on this, as well as on the fifth plea, the defendants are entitled to judgment.

 See Weston v. Stuart, 2 Fairfield, 329.

 See 2 Story’s Comm. Eq. 675 to 684.

 See Brown v. Bellows, 4 Pick. (2d ed.) 192, note 1; Wharton’s Dig p. 30, 31, tit. Arbitrament and Award, I. E. f; Tyler v. Dyer, 1 Shepley’s (13 Maine) R. 41.

 See Standish v. Parker, 2 Pick. (2nd ed.) 22, note 3; Bridge v. Gray, 14 Pick. 55; Bixby v. Whitney, 5 Greenl. R. 192.

 See Hall v. Williams, ante, 247, note 3.